**HOOK & FATOVICH, LLC**
1044 Route 23 North, Suite 204
Wayne, New Jersey 07470
Tel.: 973.686.3800
Fax: 973.686.3801
Counsel for Donald V. Biase the Chapter 7
Trustee for Glomac Trust
**ILISSA CHURGIN HOOK, ESQ.**
**MILICA A. FATOVICH, ESQ.**

_____

|  |  |
|---|---|
| In the Matter of | : UNITED STATES BANKRUPTCY COURT |
|  | : FOR THE DISTRICT OF NEW JERSEY |
|  | : CHAPTER 13 |
|  | : |
|  | : Case No.: 18-23981 (SLM) |
| MARCIA A. HARRIS, | : |
|  | : Honorable Stacey L. Meisel, U.S.B.J. |
| Debtor. | : |
|  | : Hearing Date: September 26, 2018 at 10:30 AM |

_____

**CHAPTER 7 TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO CONVERT
CHAPTER 13 CASE TO CHAPTER 11**
_____

TO:   HONORABLE STACEY L. MEISEL, U.S.B.J.
      UNITED STATES BANKRUPTCY COURT:

Donald V. Biase the Chapter 7 Trustee (the "Trustee") for the Estate of Glomac Trust ("Glomac") opposes the Motion To Convert Case To Chapter 11 (the "Debtor's Motion") filed by the chapter 13 debtor Marcia A. Harris ("Dr. Harris") based upon the following:

1.   Glomac filed a Chapter 7 bankruptcy on April 5, 2018, Case No. 18-16804 (JKS). The Trustee was appointed by the Office of the United States Trustee on April 6, 2018 as the Chapter 7 Trustee.

2.   Glomac indicated on its petition that the nature of the Debtor's business was a single asset real business as defined under §101(51 B) of the United States Bankruptcy Code (the "Code") [Case No. 18-16804 (JKS), Docket No. 1 at Page 2, No. 7]. Glomac listed the real

property located at 477 Elkwood Terrace, Englewood, New Jersey (the "Englewood Property") as its only asset on Schedule A/B of its petition.

3. Dr. Harris resides at the Englewood Property. Dr. Harris transferred the Englewood Property to Glomac via a quitclaim deed on or about January 28, 2014. [Case No. 18 18-16804 (JKS), Docket No. 7, Exhibit A].

4. Dana Bethune, Dr. Harris' daughter, signed the Glomac petition in her capacity as the trust's authorized representative and trustee. Dr. Harris is the purported beneficiary of the Glomac Trust. To date, the Trustee has not received a copy of documents establishing the Glomac Trust.

5. While conducting the 341(a), the Trustee learned that Glomac engaged in rental activities, including rentals through Airbnb.com. The Trustee repeatedly requested information on Glomac's rental activities, assets, insurance, bank accounts, tax returns, Airbnb.com log-in/password information; accounting of rental income. To date, the Trustee received virtually none of the requested documents. The Trustee received proof of insurance which lists Dr. Harris as the insured, with Glomac as an additional insured. However, this insurance policy classifies the Englewood Property as residential real estate therefore it is unclear if the policy provides adequate coverage.

6. On Official Form 207 Statement Of Financial Affairs For Non-Individuals Filing For Bankruptcy, Part 1, Glomac listed no income from either business operations or non-business operations such as rental income. Therefore, it is unclear how much rental income is being generated from the Englewood Property. It is the Trustee's position that any rental income relating to the Englewood Property is property of the Glomac estate and is not available to fund Dr. Harris' Chapter 13 Plan.

7.  Wells Fargo Bank N.A. ("Wells Fargo") holds first and second mortgages on the Englewood Property. On April 13, 2018, Wells Fargo, through counsel, filed a Motion to Vacate Stay in the Glomac bankruptcy proceeding. The Court granted Wells Fargo's motion over Glomac's Objection. Glomac's Objection, which consisted of a Certification with exhibits by its prior counsel, argued in part that Wells Fargo was adequately protected based upon a Comparative Market Analysis which estimated the value of the Englewood Property, a residential property, as $1,291,000.00. [Case No. 18-16804 (JKS), Docket Entry No. 7, Exhibit No. 7]. The Comparative Market Analysis indicated that the Englewood Property was a single family residence.

8.  On July 12, 2018 Dr. Harris filed the subject Chapter 13 bankruptcy. Dr. Harris listed the Englewood Property as her residence and noted Glomac's ownership of this property on Schedule A/B of her petition. Dr. Harris failed to list Glomac's Chapter 7 case as a related case. Dr. Harris also failed to list the Trustee as a party in interest on her Creditor Matrix, subsequent pleadings including the subject motion to convert, despite her daughter's role in the Glomac bankruptcy proceeding.

9.  Dr. Harris lists on Schedule I, number 8a, of her petition income from operation of a business or rental income of $5,750.00 but fails to include any details on this income. It is unclear how much of the $5,750 is actually rental income derived from the Englewood Property or her consulting business (operated at the Englewood Property) as there are no supporting schedules detailing sources of income and related expenses. The Trustee respectfully requests that this Court require Dr. Harris to provide a full accounting of rental use and rental income relating to the Englewood Property and transfers from Glomac to Dr. Harris.

10. In the August 15, 2018 Certification Of Marcia A. Harris In Support Of Opposition For Motion For Prospective Relief [Docket Entry No. 17], Dr. Harris asserts that the Englewood Property is a mixed use property with commercial aspects despite valuations submitted by Glomac in its bankruptcy proceeding indicating that the Englewood Property was a single family residential property. Additionally, Dr. Harris states in paragraph 12 that the property "…and 2, it also has a relationship with Airbnb.com." Based upon these statements, it appears that Glomac and Dr. Harris are actively renting part of the Englewood Property.

11. It should be noted that there is no indication that Dr. Harris paid or is currently paying an appropriate rental income in connection with her use of the Englewood Property as an office for her medical consulting business. It is the Trustee's position that Dr. Harris should compensate the Debtor's Chapter 7 estate for use of this office space, both pre-petition and post-petition, as well as provide the Trustee with proof that her consulting business has appropriate property damage and general liability insurance.

12. On August 22, 2018, Glomac filed a Motion to Convert Case To Chapter 11, Consolidate Case And Reimpose Automatic Stay As To Wells Fargo, N.A. (the "Glomac Motion to Convert") with a hearing date of September 18, 2018. [Case No. 18-16804 (JKS), Docket No. 16]. Until the filing of Glomac's Motion to Convert, the Trustee was unaware of Dr. Harris' case.

13. On September 17, 2018, in support of Glomac's Motion to Convert, Glomac's counsel e-filed an appraisal of the Englewood Property, a single family residence, with an estimated fair market value of $685,000.00, almost half the value in the Comparative Market Analysis previously submitted by Glomac. [Case No. 18-16804 (JKS), Docket Entry No. 24]. On the morning of the hearing, Glomac's counsel e-filed a "Introductory Letter (Letter of

Intent)" dated September 17, 2018 from Capital Source Associates to Dr. Harris relating to her "commercial real estate financing" of the Englewood Property. [Case No. 18-16804 (JKS), Docket Entry No. 25]. It should be noted that this letter of intent referred to the Englewood Property as a one family investment property even though Dr. Harris listed it as her residence.

14. Wells Fargo and the Trustee filed Objections to the Glomac Motion to Convert, which Judge Sherwood denied without prejudice.

15. On August 21, 2018, Dr. Harris filed the subject motion seeking to convert her case to Chapter 11 and consolidate it with the Glomac case. Dr. Harris offers no legal or factual basis to support the Debtor's motion other than her own short certification. Dr. Harris, like Glomac, does not provide any evidence of an ability to reorganize in a Chapter 11. Additionally, she has not provided evidence of proper licenses and/or town approvals to rent part of the Englewood Property, property insurance coverage for rental of and business operations conducted at the Englewood Property. Dr. Harris fails to provide an explanation for inconsistencies between valuations and classifications offered by Glomac and herself in pleadings. Dr. Harris failed to adequately disclose information on the rental income generated by the Englewood Property and the legal basis for her apparent collection and use of this rental income. All of these circumstances indicate that Dr. Harris is not acting in good faith in seeking to convert and consolidate her case.

**WHEREFORE,** the Chapter 7 Trustee respectfully requests this Court deny the Debtor's Motion.

Respectfully submitted,

**HOOK & FATOVICH, LLC**
Attorneys for Chapter 7 Trustee

By: /s/ *Milica A. Fatovich*
   Milica A. Fatovich, Esq.

DATED:  September 19, 2018