**HOOK & FATOVICH, LLC**
1044 Route 23 North, Suite 204
Wayne, New Jersey 07470
Tel.: 973.686.3800
Fax: 973.686.3801
Counsel for Donald V. Biase, Chapter 7
Trustee for the Estate of Glomac Trust
**ILISSA CHURGIN HOOK, ESQ.**
**MILICA A. FATOVICH, ESQ.**

_____

|  | |
|---|---|
| In the Matter of | : UNITED STATES BANKRUPTCY COURT |
|  | : FOR THE DISTRICT OF NEW JERSEY |
|  | : CHAPTER 13 |
|  | : |
|  | : Case No.: 18-23981 (SLM) |
| MARCIA A. HARRIS, | : |
|  | : Honorable Stacey L. Meisel, U.S.B.J. |
| Debtor. | : |
|  | : Hearing Date: November 28, 2018 at 8:30 AM |

_____

**OBJECTION OF DONALD V. BIASE, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF GLOMAC TRUST, TO CONFIRMATION OF THE DEBTOR'S PROPOSED SECOND MODIFIED CHAPTER 13 PLAN**
_____

TO:   HONORABLE STACEY L. MEISEL, U.S.B.J.
       UNITED STATES BANKRUPTCY COURT:

Donald V. Biase, the Chapter 7 Trustee (the "Trustee") of the Estate of Glomac Trust ("Glomac"), objects to the Proposed Second Modified Plan [Doc. No. 50] (the "Plan") filed by the Chapter 13 debtor Marcia A. Harris ("Dr. Harris"), based upon the following:

1.   Glomac filed a Chapter 7 bankruptcy on April 5, 2018, under Case No. 18-16804 (JKS). The Trustee was appointed by the Office of the United States Trustee on April 6, 2018 as the Chapter 7 Trustee.

2.   Glomac indicated on its petition that the nature of the Debtor's business was a single asset real business as defined under §101(51 B) of the United States Bankruptcy Code (the

"Code") [Case No. 18-16804 (JKS), Docket No. 1 at Page 2, No. 7]. Glomac listed the real property located at 477 Elkwood Terrace, Englewood, New Jersey (the "Englewood Property") as its only asset on Schedule A/B of its petition. Glomac's filing of the Chapter 7 bankruptcy stayed a sheriff sale of the Englewood Property by secured creditor Wells Fargo, N.A.

3. Dr. Harris resides at the Englewood Property. Dr. Harris transferred the Englewood Property to Glomac via a quitclaim deed on or about January 28, 2014. [Case No. 18 18-16804 (JKS), Docket No. 7, Exhibit A].

4. Dana Bethune, Dr. Harris' daughter, signed the Glomac petition in her capacity as the trust's authorized representative and trustee. Dr. Harris is the purported beneficiary of the Glomac Trust. Dr. Harris and her business Dyolt, LLC are listed as the parties who paid Glomac's original counsel.

5. While conducting the Section 341(a) Meeting of Creditors, the Trustee learned that Glomac engaged in rental activities, including rentals through Airbnb.com. The Trustee repeatedly requested information on Glomac's rental activities, assets, insurance, bank accounts, tax returns, Airbnb.com log-in/password information; and an accounting of rental income. The Trustee's counsel issued a number of R. 2004 Subpoenas to Glomac and other parties. The Trustee notes that the proof of insurance provided by Glomac lists Dr. Harris as the insured, with Glomac as an additional insured. However, this insurance policy classifies the Englewood Property as residential real estate. Therefore, it is unclear if the policy provides adequate coverage for commercial or rental operations.

6. On Official Form 207 Statement Of Financial Affairs For Non-Individuals Filing For Bankruptcy, Part 1, Glomac listed no income from either business operations or rental

operations. However, Dr. Harris has stated in various pleadings filed in the instant case that rental income is in fact being generated from the Englewood Property.

7. The Trustee's counsel eventually obtained bank statements for a Glomac bank account at TD Bank, which evidences receipt of rental income from Airbnb.com, including in months after the commencement of the Glomac Chapter 7 bankruptcy. It should be noted that the Glomac TD Bank account was not listed on the Glomac petition and schedules. It is the Trustee's position that any post-petition rental income relating to the Englewood Property is property of the Glomac Chapter 7 estate, and is therefore not available to fund Dr. Harris' Second Modified Chapter 13 Plan.

8. On July 12, 2018, Dr. Harris filed the subject Chapter 13 bankruptcy, thereby staying a sheriff sale of the Englewood Property by Wells Fargo, N.A. Dr. Harris listed the Englewood Property as her residence and noted Glomac's ownership of this property on Schedule A/B of her petition. However, Dr. Harris failed to list Glomac's pending Chapter 7 case as a related case. Dr. Harris also failed to list the Trustee as a party-in-interest on her Creditor Matrix and subsequent pleadings, despite her daughter's role in the Glomac bankruptcy proceeding.

9. Wells Fargo Bank, N.A. ("Wells Fargo") filed a Motion For Prospective Relief, Motion For Relief From Stay as to the Glomac Property (the "Motion"). In the Motion, Wells Fargo also sought in rem relief based upon years of unsuccessful litigation in state court and Dr. Harris' prior Chapter 13 bankruptcy proceeding. Dr. Harris filed Opposition to the Motion in which she argued that the Englewood Property was "mixed use" and that Glomac had a relationship with Airbnb.com. Dr. Harris subsequently filed a Motion to Convert Case to Chapter 11 (the "Motion to Convert") in conjunction with a similar motion filed in the Glomac

bankruptcy proceeding. The Trustee filed Opposition to the Motion to Convert, which is incorporated herein by reference. Wells Fargo also filed Opposition to the Motion to Convert.

10. On September 28, 2018, the Court conducted a lengthy hearing on these matters. The Court issued a detailed ruling in which it (i) denied, with prejudice, Dr. Harris' Motion to Convert and (ii) granted Wells Fargo's Motion, including the requested in rem relief based upon the bad faith demonstrated by Glomac and Dr. Harris. The Court re-scheduled the Confirmation hearing on Dr. Harris' Chapter 13 Plan for October 10, 2018. At that hearing, the Court denied Confirmation, and set a deadline for the Debtor to: (i) provide the Chapter 13 Standing Trustee with documents to conduct the Section 341(a) Meeting of Creditors; (ii) file an amended Chapter 13 Plan and (iii) amended schedules. The Court re-scheduled the Confirmation Hearing again for November 28, 2018.

11. Dr. Harris indicated on her original schedules that she is self-employed as a physician since 2012. Dr. Harris' original Schedule I, number 8a, of her petition lists income from operation of a business or rental income of $5,750.00, but fails to include any details or breakdown regarding this income. It is unclear how much of the $5,750 is actually rental income derived from the Englewood Property, and how much is income from her consulting business, which notably is operated without the Trustee's consent at the Englewood Property. There are no supporting schedules detailing the sources of income and related expenses.

12. On October 22, 2018, Dr. Harris' counsel e-filed Amended Schedules I and J [Doc. No. 44], which listed $4,810.00 on Schedule I, number 8a. Again, Dr. Harris failed to provide details on business income, rental income or operating expenses. The Trustee respectfully requests that this Court require Dr. Harris to provide a full accounting of rental use and income relating to the Englewood Property, as well as transfers from Glomac to Dr. Harris.

13. The Trustee further respectfully requests that Dr. Harris be compelled to (i) turnover to the Trustee an amount equal to all post-petition rents generated by the Glomac Property; (ii) cease any rental activities at the Glomac Property; (iii) compensate the Glomac Chapter 7 estate for use of her commercial office space, both pre-petition and post-petition; and (iv) provide proof of adequate liability insurance for her commercial activities, including her consulting business.

**WHEREFORE,** the Trustee respectfully requests that this Court deny confirmation of Dr. Harris' Second Amended Chapter 13 Plan, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HOOK & FATOVICH, LLC**
Attorneys for Donald V. Biase, Chapter 7 Trustee
for the Estate of Glomac Trust

By: /s/ *Milica A. Fatovich*
    Milica A. Fatovich, Esq.

DATED: November 21, 2018